UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| JULIETTE DAVIS, | ) |
| Plaintiff, | ) |
| v. | )   Civil Action No. 07-1260 (RBW) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

_____

## **DEFENDANT'S MOTION TO DISMISS**

The Defendant, by counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), moves for dismissal of the Complaint herein. As shown in the attached memorandum of points and authorities, this Court does not have jurisdiction over Plaintiff's Claims. An appropriate proposed Order is also attached.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Edward P. Taptich
        EDWARD P. TAPTICH [012914]
        Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

August 24, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIETTE DAVIS, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 07-1260 (RBW) |
| DISTRICT OF COLUMBIA, ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

On July 16, 2007, Plaintiff filed the captioned complaint requesting relief pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 et seq. ("IDEIA"). Complaint, ¶1. Plaintiff seeks to have this Court declare that DCPS failed to provide J.D., a minor student, with an appropriate educational placement, failed to timely reevaluate the student, failed to maintain an appropriate Individualized Education Plan ("IEP"), and failed to provide the student all prescribed specialized instruction and related services. Id. Plaintiff further seeks to have this Court order DCPS to fund the student's placement at High Road Middle Academy, fund an independent functional behavioral assessment ("FBA"), convene an IEP meeting, review all the student's current evaluations and develop an appropriate compensatory education plan. Id. However, the Complaint, on its face, fails to demonstrate that this action is properly before the Court.

**ARGUMENT**

I.      **Standards of Dismissal Under Fed. R. Civ. P. 12 (b)(1).**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. District of Columbia Retirement Board v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987). "A motion to dismiss under 12(b)(1) for lack of standing ... involves an examination of the face of the complaint . . . [,]"Al-Owhali v. Ashcroft, 279 F.Supp.2d 13, 20 (D.D.C. August 29, 2003) (quoting Haase, 835 F.2d at 908). ("A Rule 12 (b)(1) attack that is facial in nature, i.e., that ... does not dispute the facts underlying the ripeness of the complaint ... as opposed to [a] factual [challenge], is a direct attack on ... both the sufficiency of the pleadings and the subject matter jurisdiction of the challenged court.") Id. (internal citations omitted).

In considering a motion to dismiss for lack of subject matter jurisdiction, the court can consider facts outside of the motion or complaint without changing the motion to a summary judgment motion. Capitol Leasing Co. v. FDIC, 999 F.2d 188 (7th Cir. 1993); Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002); Pelham v. United States, 661 F. Supp. 1063 (D. N.J. 1987). A court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs. *See* Scheuer v. Rhodes, 416 U.S.232, 236 (1974) (quoting Conley v. Gibson, 355 U.S. 41-56-46 (1957) and citing Gardner v. Toilet Goods Assn., 387 U.S. 167, 172 (1967)). However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See* Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**II.    This Court Lacks Jurisdiction Over Plaintiff's Complaint.**

    **A.    28 U.S.C. Sec. 1331**

In her Complaint, plaintiff claims subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1331, "in that the action arises under the laws of the United States." (Complaint, ¶ 2)  However, in order to invoke federal question jurisdiction, the plaintiff's claim must be based on some independent federal substantive law.  See 28 U.S.C. § 1331; Merrell Dow Pharmaceuticfals v. Thompson, 478 U.S. 804 (1986).  In the present case, plaintiff has failed to cite any independent federal statute in her jurisdictional paragraph.  Accordingly, this Court has no jurisdiction over the plaintiff's claims.

    **B.    The Complaint Fails to State a Cause of Action Under IDEIA**

While plaintiff alludes to the IDEIA in the Introduction to the Complaint, and arguably this allusion is a reference to an independent federal substantive law under which plaintiff seeks to assert jurisdiction, the Complaint nonetheless fails to state a cause of action under this statute.

The IDEIA provides specific procedures whereby challenges to DCPS determinations concerning eligibility of students for special education services, individualized education plans, school placement decisions, etc., are to be addressed. The administrative process described in the statute, if fully employed, results in an evidentiary administrative hearing before an impartial hearing officer, at the conclusion of which a Hearing Officer's Decision ("HOD") – containing findings of fact and conclusions concerning the disputed matters – is issued. See 20 U.S.C. § 1415(f) et seq.

5

If the student's parent or guardian does not prevail in the hearing proceedings, judicial review of the HOD by this Court may be sought. Jurisdiction for court review of an HOD is found at 20 U.S.C. § 1415 (i)(2)(A):

> Any party aggrieved by the findings and decision made [in an administrative due process hearing] . . . shall have the right to bring a civil action with respect to the [administrative] complaint . . . which action may be brought . . . in a district court of the United States, without regard to the amount in controversy.

Accordingly, to establish an entitlement to court review under IDEIA, a plaintiff's complaint must at least aver that necessary administrative processes have been employed, that an identified HOD has been issued, and that the plaintiff is a party aggrieved by that HOD.

The complaint herein, however, is devoid of any such showings – or even such assertions. The "Jurisdiction and Venue" section of the complaint makes only the following generic statement (Complaint, ¶ 3):

> The Plaintiff has participated in an impartial administrative hearing regarding the claims made in this Complaint, among others, conducted by the District of Columbia Schools State Enforcement and Investigation Division. The administrative Hearing Officer granted the Plaintiff some of her requested relief and denied her the relief requested in this Complaint.

However, neither the nature, time or place of any such hearing, nor how what is referred to relates to this action appears in the Complaint.[1]  Yet even if it were to be assumed that, notwithstanding the lack of any such indication on the face of the Complaint, review of some HOD was what the Complaint drafter had in mind, the absence of the time and

---

[1] While plaintiff references an April 19, 2007, HOD in the Introduction to the Complaint, it is unclear whether it is this HOD, if any, that is being appealed.

6

place of the "hearing" alone is a material omission, rendering the Complaint plainly defective.[2]

Ultimately, however, the Complaint, even if read most favorably to the Plaintiff, nowhere indicates that it is an "appeal" of *any* HOD, much less an identified one. And nowhere is it even asserted that the Plaintiff is an aggrieved party entitled to court review. In the absence of such showings, this Court is without jurisdiction under the IDEIA to review the allegations set forth in the Complaint.

     **C.**    **The Complaint Fails to Comply With Rule 8 (a) (2)**

Rule 8(a) (2) requires only, "a short and plain statement of the claim showing that the pleader is entitled to relief." While this is a fairly lenient standard, the Supreme Court has held that "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level…." Robinson v. District of Columbia, No. 06-1253, Memorandum Opinion at 7 (August 1, 2007), citing Bell Atlantic, Corp., v. Twombly, No. 05-1126, slip op. at 8 (May 21, 2007). In the absence of such showings, this Court is without jurisdiction under IDEIA – or any other Rule or statute – to review the matters recited in the complaint.

---

[2] See, e.g., Fed. R. Civ. P. 9(f): "For the purposes of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." In Wade v Washington Metropolitan Transit Authority, 2005 Westlaw 1513137, (D.D.C. 1995), while noting the liberal pleading standards under the Federal Rules of Civil Procedure, that contemplate liberal notice pleading by the parties, the Court nonetheless found that the omission of allegations of time or place was a fatal deficiency, citing Supreme Wine Co. v. Distributors of New England, 198 F. Supp. 318, 320 (D.Mass. 1961) (stating that a complaint that entirely omits any allegation of time or place may be insufficient and subject to dismissal).
     The time and place of an HOD appealed from to this Court are material for several reasons. Among them is that under IDEIA, a complaint in this Court must be filed within ninety days of the issuance of the HOD to be within the proper limitations period. 20 U.S.C. 1415(i)(2)(B). Neither defendant nor this Court can know whether the proper limitations period is met when there is no identified HOD date.

### D.  **Plaintiff has Failed to exhaust her Administrative Remedies.**

The complaint asserts at length DCPS actions, or inactions, said to violate IDEIA – failure to complete a functional behavioral assessment of the student (e.g., Complaint, ¶ 11); failure to develop an appropriate IEP (Complaint, ¶ 13), or to properly place the student (Complaint, ¶16).  However, as indicated initially, IDEIA prescribes specific administrative procedures for challenging such matters before court review is available.  A request for such things may be presented to DCPS; if a DCPS action or inaction is disputed, a due process complaint may be filed, and an administrative hearing and decision may be obtained.  Nowhere in the complaint, however, is there any assertion – much less any showing – that the Plaintiff has yet exhausted those required administrative remedies.

The importance of requiring exhaustion of administrative remedies prior to judicial review was laid out in Cox v. Jenkins 278 U.S. App. D.C. 312, 317 (D.C. Cir. 1989) ("a party must pursue all avenues of administrative redress…before seeking judicial review") (citing McKart v. United States, 395 U.S. 185, 193-95, (1969):

> [I]t prevents courts from interrupting the administrative process permanently; it allows the agency to apply its specialized expertise to the problem; it gives the agency an opportunity to correct its own errors; it ensures that there will be a complete factual record for the court to review; and it prevents the parties from undermining the agency by deliberately flouting the administrative process.

When plaintiffs fail to exhaust their administrative remedies under the IDEIA, the court will dismiss their claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  See Moss v. Smith, 794 F. Supp. 11 (D.D.C. 1992).  The Moss Court found that the plaintiff was required to exhaust her administrative remedies under the IDEIA prior to filing suit because the administrative remedies available were neither futile nor

8

inadequate.  See id.; see also Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("[f]ailure to exhaust administrative remedies deprives a district court of subject matter jurisdiction").  And no such assertion – much less a showing – of futility or inadequacy has been made here.

## CONCLUSION

Based on the face of the Complaint, no action is stated as to which this Court has jurisdiction under the IDEIA.  The Court has jurisdiction to review HODs, and the Complaint contains no material assertion that any HOD is being challenged.  Moreover, to the extent the Complaint asserts a variety of IDEIA violations resulting from asserted DCPS failings, those are matters which must first be presented to DCPS in accordance with procedures prescribed in IDEIA, and there are no assertions in the Complaint that those procedures have been exhausted, or that they are futile or unavailable.  Accordingly, the Complaint on its face is insufficient and should be dismissed.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/ Edward P. Taptich
    EDWARD P. TAPTICH [012914]
    Chief, Equity, Section 2

    /s/ Maria L. Merkowitz
    MARIA L. MERKOWITZ [312967]
    Senior Litigation Counsel
    441 4th Street, N.W., Sixth Floor South
    Washington, DC 20001
    (202) 442-9842
    E-mail – maria.merkowitz@dc.gov

August 24, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIETTE DAVIS, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 07-1260 (RBW) |
| DISTRICT OF COLUMBIA, ) | |
| Defendant. ) | |

ORDER

Upon consideration of Defendant's Motion to Dismiss, Plaintiff's Opposition to the same, and the entire record herein, it is this _____ day of _____ 2007, hereby

ORDERED, that defendant's Motion to Dismiss is GRANTED, and

IT IS FURTHER ORDERED, that Plaintiff's Complaint is dismissed.

_____

Judge Reggie B. Walton