UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| JULIETTE DAVIS, | ) |
| Plaintiff, | ) |
| v. | )  Civil Action No. 07-1260 (RBW) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

_____

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

#### INTRODUCTION

On July 16, 2007, Plaintiff filed the captioned complaint requesting relief pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 et seq. ("IDEIA"). Complaint, ¶1. Defendant filed a motion to dismiss on August 24, 2007, pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff filed an Opposition on September 4, 2007.

#### ARGUMENT

**I.   The Defendant Has Not Made False Statements Regarding the Facts and Regarding the Complaint.**

In its Motion, the Defendant argued that, based on the face of the complaint herein, the Court was without jurisdiction to further entertain this action. This assertion was based on the fact that the IDEIA provides specific procedures whereby challenges to certain DCPS determinations are to be addressed. The administrative process described in the statute, if fully employed, results in an evidentiary administrative hearing before an impartial hearing officer. If

the student's parent or guardian does not prevail in the hearing proceedings, judicial review of the HOD by this Court may be sought. Jurisdiction for court review of an HOD is found at 20 U.S.C. § 1415 (i)(2)(A).

Accordingly, to establish an entitlement to court review under IDEIA, a Plaintiff's complaint must at least aver that necessary administrative processes have been employed, that an <u>identified HOD</u> has been issued, that the <u>plaintiff is</u> a party <u>aggrieved by</u> **that** HOD, and that identified findings and/or conclusions in that HOD are being challenged.

Here, plaintiff in her Opposition, as in her Complaint, states only that:

> The Plaintiff has participated in <u>an</u> impartial administrative hearing regarding the claims made in this Complaint, among others, conducted by the District of Columbia Schools State Enforcement and Investigation Division. The administrative Hearing Officer granted the Plaintiff some of her requested relief and denied her the relief requested in this Complaint.

Complaint at par. 3, Opposition at 2. (Emphasis added).

As Plaintiff's counsel has stated in another case brought before this Court, he has filed 117 administrative due process complaints in the past 7 months. <u>Jalloh v. District of Columbia,</u> Civ. No. 07-0063, (D.D.C.) (Aug. 10, 2007 Reply at 5). Plaintiff's assertion that she participated in an <u>unidentified</u> administrative hearing is insufficient to confer jurisdiction to entertain the instant case.

Plaintiff's assertion that the undersigned "obtained from Plaintiff's counsel J.D.'s full name and the <u>date of the hearing</u>…" (Opposition at 2, emphasis added) is patently false, as evidenced by her own exhibits 2-6. While it is true that the undersigned did request the complete name and <u>date of birth</u> of the student, this is a routine request to identify the plaintiff in preparation for responding to a complaint. The undersigned also agreed to request the administrative record, as a routine courtesy. Unfortunately, this was done at the same time the

2

undersigned was requesting plaintiff's consent to an extension of time because she was going on vacation and prior to reading the Complaint.

## II.     Defendant Has Offered Ample Support for its Claim of Lack of Jurisdiction.

As argued in its Motion to Dismiss, the complaint herein, on its face, <u>does not</u> (among other things): assert jurisdiction under IDEIA, identify any HOD of which review is being sought, assert that the Plaintiff was aggrieved by any identified ruling, identify any particular findings or conclusions within any such HOD that the Plaintiff was challenging, and did not in its prayer for relief seek a reversal of any such HOD.  Accordingly, the Defendant argued that no cause of action cognizable under IDEIA had been presented.  Nor did the complaint establish subject matter jurisdiction on any other basis.

Rather, the Defendant argued, the complaint asserted a series of violations of IDEIA by DCPS, and requested – based on even the most deferential reading of the plain words of the complaint – that this Court determine in the first instance that certain actions, or inactions, by DCPS were in violation of its IDEIA responsibilities.  As a consequence, the Defendant contended, all such matters must be addressed first according to the administrative processes prescribed by IDEIA, and to the extent the Plaintiff sought a first consideration of such matters in this Court, she had failed to show an exhaustion of administrative remedies.

The Plaintiff's Opposition devotes itself, not to the adequacy of the complaint, but to what the Defendant should have understood the complaint to really mean, how Defendant's counsel should have assisted Plaintiff's counsel in rectifying the complaint's deficiencies, and

3

further, gratuitously chastises Defendant's use of words and citation forms,[1] and threatens to file a Rule 11 motion in this case filed by the Defendant.[2]

Much of the Opposition's unrestrained rhetoric is purely distraction, and the Defendant will not respond in kind. The issue remains not what Plaintiff's counsel may have intended, but what the complaint contained. The Opposition does not dispute that IDEIA specifically permits only judicial review of HODs by parties aggrieved thereby.[3] The Opposition does not contend that the complaint anywhere asserts that the Plaintiff was aggrieved by an identified HOD, much less does it specify any findings or conclusions in any such administrative decision that are being challenged here. Indeed, even though the recitations of the Opposition cannot alter the complaint, the Opposition itself still does not identify any portions of any HOD said to have been improperly arrived at by an administrative hearing officer. Instead, the Opposition basically contends that the complaint should not be dismissed, not because on its face it adequately expresses a judicially cognizable action, but because the necessary details were available, and if

---

[1] In this last respect, for example, the Plaintiff lectures that the Defendant has "incorrectly" stated that the complaint was brought under "the Individuals with Disabilities Education Inprovement Act of 2004, the act that amended the Individuals with Disabilities Education Act." Opposition, p. 2 n. 2. Section 1 of the wholesale 2004 reenactment of the earlier statute states that "[t]his Act may be cited as the 'Individuals with Disabilities Education Improvement Act of 2004.'" 108 Pub. Law 108-446, 118 Stat. 2647 (2004). However, the Defendant has no objection to the Court or the Plaintiff using whatever abbreviation they prefer. Judge Lamberth and others in this Court have used IDEIA. E.g., Robinson v. District of Columbia, Civ. No. 06-1253 (D.D.C. Aug. 2, 2007).
    A similarly inconsequential quibble is offered over whether judicial review of HODs should be called is "a civil action" or an "appeal" from an HOD. Opp., p. 7 n. 7. Whatever the wording, the statute extends jurisdiction to this Court only to entertain a challenge to an HOD.
[2] Opposition at 3
[3] The Opposition does, however, make the startling assertion that, even if the complaint "somehow fail[ed] to state an IDEA violation, that fact would not strip this Court of subject matter jurisdiction." Opp., p. 9. The Plaintiff does not explain on what basis this Article III Court *would* have jurisdiction concerning asserted IDEIA violations if not under the IDEIA itself. While certainly a Civil Rights Act Section 1983 violation might be asserted if there were alleged a custom and practice of IDEA statutory violations, no such claim is made here.
    In this same regard, the Opposition asserts that, "since the Defendant was clearly aware of the applicable federal laws, and since the Plaintiff's claims arise under those laws in the clearest Constitutional sense of that phrase, 28 U.S.C. § 1331 gives this Court subject matter jurisdiction of the Plaintiff's Complaint: that the District of Columbia Public Schools ("DCPS") violated the IDEA." Opp. p. 5. But in fact, IDEIA does not convey jurisdiction to entertain suits generally asserting that DCPS has violated IDEIA; it establishes jurisdiction to review HODs challenged by aggrieved parties – none of which is reflected in the captioned complaint.

the Defendant's counsel had researched the matter, or telephoned or e-mailed plaintiff's counsel, the Defendant could have figured out what the Plaintiff had in mind. Opp,. p. 9-10.[4]

The Defendant acknowledges the liberal rules of pleading construction. But there is nonetheless a minimum that must be expressed in a complaint in order to establish the Court's jurisdiction. And the Supreme Court's recent decision in Bell Atlantic, Corp., v. Twombly, No. 05-1126, slip op. (May 21, 2007), makes clear that indeed there is a need for a measure of clarity and detail required in complaints. In the Defendant's view, and as explained in its Motion, the complaint herein lacks any of the minimum clarity necessary to withstand dismissal for lack of subject matter jurisdiction.

## **CONCLUSION**

For the foregoing reasons, the Complaint on its face is insufficient and Defendant's Motion should be granted. In the alternative, should the Court not dismiss the Complaint, it should require plaintiff to file an amended complaint which, at a minimum, identifies a specific HOD that is being appealed, and specifically identifies the findings of fact and/or conclusions of law of the Hearing Officer which are being challenged. This is necessary for Defendant and the Court to know what aspects of the HOD are at issue, and so that Defendant can assess the character of the issues, adequately prepare its defenses, and/or entertain settlement discussions with Plaintiff if deemed warranted, before wasting the Court's time and resources on ruling on motions which might not prove necessary.

                                    Respectfully submitted,

                                    LINDA SINGER
                                  Attorney General for the District of Columbia

---

[4] The undersigned and another assistant attorney general attempted to speak with plaintiff's counsel in an attempt to have counsel amend his complaint to properly conform to the procedural requirements, but plaintiff's counsel was adamant in his refusal, claiming the Office of the Attorney General was conducting a vendetta against him.

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2


/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov


September 11, 2007